**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Carole Herbster, Alex Schap, and Charles Schap,<br><br>Plaintiffs,<br>v.<br><br>3550 Condominium Association; DK Condo, A Draper and Kramer Company,<br><br>Defendants. | Case No.:1:16-CV-11555 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT**
**OF THEIR MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs purchased a home in a residential building that does not allow dogs. Plaintiff Herbster is disabled and requires the assistance of a service dog. Defendants have exempted Plaintiff Herbster from the no dog rule and she is free to go wherever she pleases in the building with her service dog. Defendants also offered reasonable accommodations from the no dog rule to Herbter's nondisabled family members, Alex and Charles, so as to allow them to walk Herbster's service dog through designated routes in the building when they are walking the dog without Herbster present.

Plaintiffs' suit under the Fair Housing Act ("FHA") is based on the belief that Defendants should be prohibited from imposing reasonable restrictions on the non-disabled family members. In sum, Plaintiffs want no restrictions imposed on the nondisabled family members so that they too can walk the dog wherever they please in the no-dog building that they have chosen to make their home.

Count I alleges that the accommodations that Defendants have offered the non-disabled plaintiffs constitute discriminatory terms and conditions under 42 U.S.C. § 3604(f). Count II claims that Defendants made discriminatory comments in violation of the FHA, under 42 U.S.C. § 3604(c). Count III attempts to assert a claim for harassment under the FHA, based on the same accommodations and conduct alleged in Count I, but pursuant to 42 U.S.C. § 3617.

Plaintiffs' complaint fails to state a claim upon which relief may be granted. The complaint and its attachments compel the finding that Defendants provided Plaintiffs with reasonable accommodations as a matter of law and, thus, Plaintiffs can never succeed under a failure to accommodate or a harassment theory. Furthermore, Count II must be dismissed because the allegedly discriminatory statements were not made with respect to the purchase or rental of a dwelling as required by statute.

## RELEVANT FACTUAL ALLEGATIONS

In the summer of 2015, Plaintiff Dr. Herbster ("Herbster") and her husband, Plaintiff Charles Schap ("Charles"), purchased a unit in a condominium building located at 3550 North Lake Shore Drive in Chicago ("the Building"). Complaint [Doc. No. 1] at ¶¶ 1, 8, 11. They moved into the Building a year later on June 7, 2016 and currently reside in the building with their 21-year-old daughter, Plaintiff Alex Schap ("Alex"). *Id.* at ¶¶ 3, 8, 15. The Building is managed by Defendant DK Condo ("DK Condo"). The residence is what is known as a "no-dog" building and Defendant 3550 North Lake Shore Drive Condominium Association ("the Association"), does not permit dogs in the building, except service animals. *Id.* at 5, 11 and at Ex. A.

Herbster has a physical disability that requires the use of a manual wheelchair. *Id.* at ¶ 8. Prior to living in the Building, she obtained a service dog from an organization that trained

service animals and she and her original dog received extensive training to learn to work together. *Id*. at ¶¶ 9, 10. Rather than obtaining another trained service dog when her original dog passed, Herbster chose to purchase a normal dog, named Hadi, so that she could train it herself to be a service dog herself, with the help of Charles and Alex. *Id*.

Prior to purchasing the unit, Herbster raised the fact that she had a service dog with Assistant Property Manager, Ms. Veronica Comacho ("Ms. Comacho") and Ms. Comacho raised no objection. *Id*. at ¶ 12. Prior to moving in, Herbster communicated with Assistant Property Manager, Laura Guzman ("Ms. Guzman") and kept her updated about Hadi's progress. *Id.* Before Herbster and her family moved into the building, she contacted Ms. Guzman to request that the Building's staff did not interfere with her dog. *Id*. at ¶¶ 12, 14, 15. At that time, Ms. Guzman informed Herbster that she would need to submit a doctor's note to support her request and also obtain board approval for the dog. *Id*. at ¶ 14. A few days after moving in, Alex complained to Herbster that she had been confronted about the no dog policy while walking the dog through the building and asked whether the management was aware of the dog. *Id*. at ¶15.

On June 17, 2016, Ms. Guzman sent Herbster an email in response to her inquiry with the front door staff about allowing her dog in the lobby, which advised Herbster that the Building did not allow dogs, leashed or unleashed, in the lobby. *Id*. at ¶16, Ex. B. Herbster replied back:

> *"I sent the copy of the law last week and your rules and regs allow it. I never asked permission. I do know that one front desk person scowls at me so she may have asked. The bldg needs to familiarize themselves."*

*Id*.

Herbster did not mention that the dog was a service animal and she did not request an accommodation to the no-dog rule. *Id*. In response to Herbster's abrupt email and in an attempt to clear up any misunderstanding, counsel for the Association sent a letter to Herbster, inviting her to request an exception or accommodation for an emotional support animal. *Id*. at ¶ 17 and at

Ex. C.[1] Herbster immediately called the Association's counsel and emphasized that she needed the animal for assistance, like she needed her wheelchair. *Id.* at 18. While not specifically admitted in the complaint, one can reasonably conclude from the remaining allegations, that once this call took place and it was made clear that the dog was a service animal, no restrictions were placed on Herbster with respect to the dog. Doc. No. 1 at ¶¶ 20-33, Ex. D. It is undisputed that Herbster is free to go wherever she pleases in the Building with her service dog without any restriction.

The only issues that continued to arise centered around Herbster's daughter and husband's walking of the dog throughout the building when Herbster was not present. *Id*. Defendants set up a meeting on June 28, 2016, to address this issue. *Id*. at ¶ 23. At the meeting, the Association made clear that it had "no issue" with Herbster's service animal. *Id*. However, it expressed reservations about Alex walking the service animal through the lobby and in passenger elevators, when Herbster was not present. *Id*. The Association explained that some residents may be allergic or fearful of dogs, and in fact, they were aware of one owner who had a breakdown from seeing a dog near the front of the building. *Id*. at ¶ 23.

Because of these competing concerns, the Association offered the following accommodations for the non disabled Plaintiffs: (1) Alex and Charles, when walking the dog *without Herbster*, should not take the dog into the lobby and should use only the back entrance; (3) Alex and Charles, when walking the dog without Herbster, should use the freight elevator, unless the freight elevator was occupied, in which case they could use the passenger elevator; and (4) Alex and Charles, when walking the dog without Herbster, should not enter the mailroom. *Id*. at ¶ 24.

---

[1] Notably, the Association's counsel's letter is titled: ***"Re: Emotional Support Animal Request."*** Doc. 1 at Ex. C.

At the conclusion of the meeting, Herbster agreed to these conditions and asked that if the Building's staff observed Alex take the dog through one of the improper routes, that they contact Herbster instead of speaking directly to Alex. *Id.* at ¶ 25. Very shortly thereafter, July 1, 2016, Herbster received notice from the property manager that Alex had violated the agreement by using the passenger elevator instead of the freight elevator when walking the dog without Herbster. *Id.* at ¶ 26. As a result, Charles told the property manager that the family would no longer follow the agreement reached at the meeting on June 28 and they instructed Alex to use whichever door she wished when walking the dog by herself. *Id.*

On July 27, 2016, Plaintiffs' attorney sent a letter to the Association's counsel requesting the following additional accommodations be made: (1) Charles and Alex, even when walking the dog alone and without Herbster, be allowed to use the passenger elevators and any entrance they liked; (2) Herbster be allowed to explain her need for a service dog in writing to all other residents and building staff; and (3) Herbster be allowed to install a clear kick plate on the exterior base of her unit door. *Id.* at ¶ 28, Ex. D.

On August 8, 2016, the Association responded that it would allow Herbster to install the kick plate and it proposed that the Parties meet to discuss the other requests. *Id.* at ¶ 29. Thereafter, the Association offered the following additional accommodations to the non-disabled Plaintiffs: Alex and Charles, when walking the dog alone and without Herbster, (1) must use the service elevator and entrance between the hours of 7:00 a.m. to 7:00 p.m.; but (2) could use the side lobby entrance between the hours of 7:00 p.m. to 7:00 a.m.; and (3) could use the passenger elevator if the service elevator was unavailable, however, if the elevator was occupied, Alex or Charles must ask if those already riding were comfortable riding with the dog and if the response was no, then Alex or Charles must wait for the next elevator. *Id.* at ¶ 31, Ex. E.

Plaintiffs filed the action at bar shortly thereafter claiming that, among other things, the accommodations offered violate the FHA.

## ARGUMENT

The face of the complaint and its attachments compel the conclusion that Defendants provided Plaintiffs with reasonable accommodations as a matter of law. Plaintiffs don't seek reasonable accommodations; they seek to expand the law to extend an accommodation to nondisabled persons. In so doing, they violate of one of the most fundamental tenets of statutory construction, by entirely disregarding the most important word found in the law: "reasonable." Plaintiffs' pursuit of this interpretation, to an unreasonable scope would preclude Defendants from imposing any reasonable restriction on the non-disabled family members' conduct when walking their dog. Plaintiffs fail to state a claim as a matter of law and this Court should Dismiss Plaintiffs' Complaint in its entirety.

### I. Defendants Made Reasonable Accommodation for Plaintiffs as a Matter of Law, And No Further Accommodation is Necessary.

Plaintiffs Complaint fails to state a claim for discriminatory terms and conditions under 42 U.S.C. § 3604(f) because, even as alleged, there can be no question that Defendants provided Plaintiffs with reasonable accommodations as a matter of law. *Stevens v. Hollywood Towers and Condominium Assn.*, 836 F.Supp.2d 800, 811 (N.D. Ill. 2011)

The FHA and FHAA make it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of (A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available, or (C) any person associated with that buyer or renter." 42 U.S.C. § 3604(f)(2). Under the FHA and FHAA, disabled individuals must be provided reasonable "accommodation in rules, policies,

practices, or services when such accommodation may be necessary to afford [them] equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

To show that Defendants violated the FHA for failure to accommodate, Plaintiffs must establish that (1) they suffer from a disability or are associated with someone with a disability; (2) defendants know of the disability; (3) accommodations may be necessary to give Plaintiffs an equal opportunity to use and enjoy the dwelling; and (4) Defendants refused to make a reasonable accommodation. *Stevens v. Hollywood Towers and Condominium Assn.*, 836 F.Supp.2d 800, 811 (N.D. Ill. 2011) (citing *Roseborough v. Cottonwood Apartments*, No. 94 C 3708, 1996 WL 490717, *2 (N.D. Ill. 1996)).

The accommodations that Plaintiffs demand are not necessary. Nor are they reasonable. They are simply a matter of convenience and misguided principal.

### *A. Defendants Provided Reasonable Accommodations as a Matter of Law.*

Whether an accommodation is reasonable is a highly fact specific inquiry; it should be both efficacious and proportional to the costs to implement it. *Wisconsin v. Community Services, Inc. v. City of Milwaukee*, 465 F.3d 737, 749 (7th Cir. 2006). A "reasonable accommodation" is one that would not impose an undue hardship upon the entity making the accommodation and would not undermine the basic purpose that the requirement aims to achieve. *Stevens*, 836 F.Supp.2d at 808. A landlord need not do everything possible to accommodate a disabled person; rather courts should undertake a cost-benefit analysis to determine what constitutes a reasonable accommodation. *Id*. Plaintiffs bear the burden of showing that the accommodations they are seeking are reasonable on their face. *Id*. Only then does it fall on Defendants to come forward with evidence of unreasonableness or undue hardship that would be caused by the particular accommodations requested. *Id*.

This court decided a strikingly similar issue in *Stevens*. 836 F.Supp.2d at 804, 806. In that case, a no-pet Association building required the plaintiff to keep her emotional support dog in a carrier while in the common areas and use certain exits when accompanied by the dog. 836 F.Supp.2d at 804, 806. Plaintiff sued for unrestricted access with her dog. Although the court noted that waiving a no-pet rule to allow a disabled resident to have a service animal was a reasonable accommodation, it also noted that imposing appropriate rules concerning the dog's access in a no-pet building may be considered reasonable and proper:

> ***[n]othing in the FHA precludes the imposition of appropriate rules and regulations designed to lessen the impact of housing a pet in a no-pet building...Some limits, of course are reasonable. After all, many residents choose to live in a no-pet building because of allergies, fear of animals, belief that such a building will have higher property values, or countless other reasons that are entitled to respect. As such, the Court agrees with Defendants that they were not required to capitulate to Plaintiffs' request for 'unrestricted access,' for the dog.***

*Id.* at 809 (emphasis added).

The court ultimately denied the defendants' motion to dismiss based on its finding that specific questions of fact existed, that could have nullified the reasonableness of the defendants' accommodation, such as questions regarding the availability of the elevator and whether the plaintiff needed the dog with her at all times. *Id*. at 810. In doing so, however, the Court found that "[t]he question of whether Defendants restriction on [the plaintiff's] access to the building's entrances and exits while with the service animal were reasonable is a thin thread upon which to hang a case…" *Id*. at 810.

No questions of fact exist in this case based on the face of the pleadings. Defendants have imposed ***no restrictions at all*** upon Plaintiff Herbster; she and her service dog enjoy unfettered access and may go anywhere they wish when they are together in the building. The Association has also provided reasonable accommodations to Herbster's non-disabled family

members, Plaintiffs Alex and Charles, so as to allow them to walk Herbster's dog in the no-dog building when Herbster is not present.

Any reasonable reading of the complaint and its attachments compels the finding that Defendants have offered Plaintiffs reasonable and comprehensive accommodations that respect and properly balances Plaintiffs' rights of access and enjoyment against the rights of the rest of the building's residents who have chosen to live in a no-dog building. As the *Stevens* court noted, "[s]ome limits, of course are reasonable." *Id*. at 809. Here, Defendants have imposed the barest possible limits only on the non-disabled family members. They have also taken great pains to consider and provide alternative access routes to address the type of contingencies that were raised in the *Stevens* case.[2] The accommodations Defendants have made to Plaintiffs are reasonable on their face. This action should be dismissed as a matter of law.

### B. *Additional Accommodations are not Necessary to give Plaintiffs an Equal Opportunity to Use and Enjoy the Building.*

Plaintiffs must also show that the accommodations they want are necessary to give them an equal opportunity to use and enjoy the dwelling. *Stevens*, 836 F.Supp.2d at 811. The FHAA links the term "necessary" to the goal of "equal opportunity." *Wisconsin*, 465 F.3d at 749 (citing 42 U.S.C. § 3604(f)(3)(B)). The "equal opportunity" element limits the accommodation duty such that not every rule that creates a general inconvenience or expense to the disabled needs to be modified. *Id*. Accommodations typically qualify as necessary only when "the rule in question, if left unmodified, hurts handicapped people by reason of their handicap, rather than ... by virtue of what they have in common with other people, such as a limited amount of money to spend on housing." *Storr v. Marik*, 2013 WL 6577374, * 3 (N.D. Ill. 2013).

[2] Unlike *Stevens*, where the plaintiff's case survived dismissal by a "thin thread," the accommodations in the case at bar provided alternative access routes depending on the time of day and allows for use of the passenger elevator when the freight elevator is already in use. Doc. No. 1, ¶ 31; Doc. No. 1 at Ex. E.

Again, Plaintiffs demand for additional accommodations pertain only to the non-disabled Plaintiffs who want to be able to take the dog through any part of the no-dog building that they wish, even when Herbster, the disabled plaintiff, is not present. Doc. No. 1, pp. 12-13. This request is not necessary for Herbster - or any of the Plaintiffs - to use and enjoy the Building. As noted above, Herbster already has full access, with or without her service dog. Alex and Charles also have free access to use and enjoy the building – except for in the limited circumstance that they are walking the service dog ***without*** Herbster. They are free to go wherever they wish with the dog if they are in the presence of Herbster, who actually needs the dog. They are entitled to go anywhere they wish and use any part of the no-dog building -- just not with the dog when it is not in service.

Plaintiffs' position that Alex and Charles should be able to go anywhere that they wish when they are with the dog asks this Court to disregard the rights of their neighbors, all of whom chose to live in a no dog building. These competing interests and Defendants' duty to enforce the Association's no dog rules are also "entitled to respect." *Stevens*, 836 F.Supp.2d at 809. Alex and Charles do not need the dog for its services and they do not need unfettered access to everywhere in the building when they are walking Herbster's service dog. They are free to use and enjoy access anywhere in the building whenever they are not engaged in the specific task of walking the dog alone. Plaintiffs' position to the contrary is a simple matter of convenience and principal, it has nothing to do with need.

## II. Count II Must Be Dismissed Because Section 3604(c) Only Applies to Statements Regarding the Purchase or Rental of a Dwelling.

Plaintiffs' claim in Count II that Defendants violated 42 U.S.C. § 3604(c) by making discriminatory statements to them about service and emotional support dogs must be dismissed

for failure to state a claim because § 3604(c) in inapplicable where, as here, Plaintiffs owned their condominium unit when the alleged statements were made.

Section 3604(c) makes it unlawful to make, print, or publish, or cause to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference, limitation, or discrimination based on race, color, religion, sex, handicap, familial status, or national origin, or an intention to make any such preference, limitation, or discrimination. 42 U.S.C. § 3604(c). To prove a claim under this section, a plaintiff must demonstrate that (1) the defendant made the statement; (2) the statement was made with respect to the rental of a dwelling; and (3) the statement indicated a preference, limitation, or discrimination against the plaintiffs on the basis of their disability. *Storr*, 2013 WL 6577374 at *4 (citing *White v. HUD*, 475 F.3d 898, 904 (7th Cir. 2007)).

As clearly specified in the statutory language, this provision only applies to discriminatory statements that are made in connection with ***the sale or rental*** of a dwelling. *See Chicago Lawyers' Committee for Civil Rights Under Law, Inc. v. Craigslist, Inc.*, 519 F.3d 666, 668 (7th Cir. 2008) (applying Section 3604(c) to those "who offer housing ***for sale or rent***." (emphasis added)); *see also Halprin v. Prairie Single Family Homes of Dearborn Park Assn.*, 388. F.3d 327, 328-29 (7th Cir. 2004) ("The language indicates concern with activities, such as redlining, that prevent people from ***acquiring*** property. Our plaintiffs, however, are complaining not about being prevented from acquiring property but about being harassed by other property owners." (emphasis added)); *see also Davis v. Fenton*, 2016 WL 1529899, * 4 (N.D. Ill. 2016); *Kreiman v. Crystal Lake Apartments Ltd. Partnership*, 2006 WL 1519320, *5 (N.D. Ill. 2006) ("Those statements, however, must be made in connection with the sale or rental.").

Plaintiffs purchased their unit in 2015. Doc. No. 1, ¶ 11. They moved into the unit on June 7, 2016. *Id.* at ¶ 15. The alleged statements were made at the meeting on June 28, 2016, after Plaintiffs already owned their unit[3]. *Id.* at ¶¶ 23, 42. Because the statements were not made with respect to the sale or rental of a building, 42 U.S.C. § 3604(c) is inapplicable and Count II must be dismissed.

## III. Count III must be Dismissed Because Defendants Provided Reasonable and Proper Accommodations.

Count III of Plaintiffs' Complaint fails to state a claim for harassment under 42 U.S.C. § 3617 because it merely restates the allegations in Count I, which as discussed above, demonstrate that Defendants offered reasonable and proper accommodations to the non disabled Plaintiffs.

To succeed on their claim for harassment under 42 U.S.C. § 3617, Plaintiffs must establish that (1) Herbster is a protected individual under the FHAA; (2) Plaintiffs were engaged in the exercise of their fair housing rights; (3) Defendants threatened, coerced, intimidated or interfered with Plaintiffs on account of their protected activity under the FHAA; and (4) Defendants were motivated by a desire to discriminate. *Stevens*, 836 F.Supp.2d at 811 (citing *Bloch v. Frischolz*, 587 F.3d 771, 783 (7th Cir. 2009)). Interference is more than a quarrel among neighbors or an isolated act of discrimination, but rather is a pattern of discrimination, invidiously motivated. *Id.* Courts in this district have held Section 3617 inference claims to a high standard of egregiousness. *Kreiman*, 2006 WL 1519320 at *9.

[3] Plaintiffs also allege that Defendants violated 42 U.S.C. § 3604(c) by publishing a policy in their rules and regulations that discriminates against people with service animals. Doc. No. 1, ¶ 42. However, the Complaint lacks any explanation of what policy they refer to or how it is discriminatory. Indeed, Plaintiffs admit that Defendants maintained a policy of allowing exceptions to the no-pet rule for service animals. *Id.* at ¶ 11. Thus, this vague and unsupported allegation does not save Count II from dismissal.

### A. *Plaintiffs cannot succeed under Section 3617 because Defendants offered a reasonable accommodation.*

Count III of Plaintiffs' Complaint simply regurgitates the allegations of Count I to attempt to state a claim under Section 3617 for harassment. Specifically, Plaintiffs claim in Count III that Defendants *harassed* them by refusing to allow the dog in the building (which is palpably untrue based on Plaintiffs' own allegations, *see* Doc. No. 1, ¶¶ 23, 31) and by advising Charles and Alex to use specific routes when walking the animal without Herbster. *Id*. at ¶ 46. These are the same facts upon which Plaintiffs base their failure to accommodate/discrimination claim in Count I. *See Id.* at ¶ 38.

When a Section 3617 claim merely restates a failure to accommodate claim, the success of the Section 3617 claim "hinges on whether Defendants offered a reasonable accommodation. If they did, then there can be no claim under § 3617 that they interfered with Plaintiffs' exercise of their fair housing rights." *Stevens*, 836 F.Supp.2d at 811. As discussed above, Defendants provided a reasonable accommodation to Plaintiffs. Not only did Defendants grant Herbster an unlimited exception to the no-dog rule, they also gave her husband and daughter exemptions to the rule, with the smallest possible limitations in place so as to properly balance the interests of the other building residents, who specifically chose to purchase their home in a no-dog building due to dog fears, dog allergies, or other valid personal reasons.

This Court has already found that "[s]ome limits, of course are reasonable," in regard to imposing an exception to a no-pet policy. *Id.* at 809. Here, Defendants have granted the broadest possible exception with the barest possible limitations. The complaint itself shows that Defendants did not harass Plaintiffs, but instead provided them with reasonable accommodation as a matter of law. Plaintiffs have not stated and can never state a claim for harassment under 42 U.S.C. § 3617 for this reason alone.

### ***B. Defendants were not motivated by a desire to discriminate.***

"A showing of intentional discrimination is an essential element of a § 3617 claim." *Kreiman*, 2006 WL 1519320 at *9 (quoting *Walton v. Claybridge Homeowners Assn., Inc.*, 2004 WL 192106, *8 (S.D. Ind. 2004)). Plaintiffs' Complaint should also be dismissed because they have not (and can never) allege conduct demonstrating a desire to discriminate on the part of Defendants.

The facts alleged by Plaintiffs and exhibits attached to the complaint show that Defendants repeatedly made good faith efforts to provide Plaintiffs with appropriate and reasonable accommodations for Herbster's handicap.

Although the Building is a no-dog building, the Association maintains a policy that permits service dogs. Doc. No. 1, ¶ 11. During Herbster's first meeting with the Building's assistant manager, before Plaintiffs purchased the unit, the assistant manager "raised no objection to the animal." *Id.* at ¶ 12. The June 17, 2016 letter to Plaintiffs from the Association's counsel invited them to make a formal request for an accommodation. *Id.* at Ex. C. On June 28, 2016, Defendants engaged in an interactive meeting with Plaintiffs in hopes of dispelling notion that Defendants were not amenable to accommodating Plaintiffs and to avoid any further miscommunications. *Id.* at ¶ 23.

At the meeting, the Association specifically stated that it "had 'no issue' with Dr. Herbster's service animal…" and it granted Herbster an accommodation such that she was completely exempt from the no-dog rule and could come and go anywhere in the building that she pleased with the dog. *Id.* at ¶¶ 23-24. The Association also accommodated the non-disabled Plaintiffs desire to assist Herbster with the dog by allowing them to walk the dog alone, without Herbster in designated areas of the building. *Id.* at ¶ 24 and Ex. D. Finally, the Association

complied with Herbster's request that Defendants contact her, instead of approaching Alex, if Alex violated the modified no-dog rule.[4] *Id*. at ¶¶ 25-26.

After receiving communication from Plaintiffs' attorney, Defendants also granted Plaintiffs' request for a kick plate accommodation and proposed that they get together to discuss the remaining issues raised by counsel. *Id*. at ¶¶ 28-29. As a result of this second meeting, Defendants broadened the scope of the accommodation, so as to specifically address Plaintiffs' ongoing concerns about the routes and entrances that the non-disabled Plaintiffs could while at the same time still respecting the rights of their fellow building residents who purchased their home in a no-dog building. *Id*. at ¶ 31.

Despite Plaintiffs' confrontational attitude, bold disregard of the original agreement that was reached, and continued efforts by the non disabled Plaintiffs to walk the dog wherever they wish, the Association has never fined Plaintiffs, banned the dog, or issued any type of violation. Instead, they have granted multiple accommodations, engaged in interactive communications, and broadened the already reasonable accommodations. The record, as alleged by Plaintiffs, lacks any evidence of an intent to discriminate. In fact, it confirms the opposite -- that Defendants made every possible attempt to appease Plaintiffs while upholding their duties to the other residents.

This Court should dismiss Count III of Plaintiffs' Complaint because it fails to state a claim for harassment under 42 U.S.C.§ 3617.

WHEREFORE, for these reasons and as set forth more fully in its Motion to Dismiss, Defendants respectfully request that this Court grant its Rule 12(b)(6) Motion to Dismiss Plaintiff's Complaint in its entirety.

---

[4] Incredulously, Plaintiffs complain that Defendants complied with Herbster's request to contact her if Alex took the animal into the passenger elevator. Doc. No. 1, ¶¶ 25-26. Surely, Plaintiffs cannot now claim that this action, ***which Herbster requested***, was harassing.

Respectfully Submitted

By: /s/*Rebecca M. Rothmann*

Rebecca M. Rothmann
Alexander L. Reich
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street, Suite 3800
Chicago, Illinois 60603-5016
312.704.0550 p | 312.704.1522 f
rebecca.rothmann@wilsonelser.com
alexander.reich@wilsonelser.com

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties of record.

Parties may access this filing through the Court's system.

*Alexander L. Reich*
Alexander L. Reich